

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MONROE E. BULLOCK,**

    Petitioner,

v.                                                                               Civil Action No. **3:19CV97**

**M. BOLSTER,**

    Respondent.

## REPORT AND RECOMMENDATION

Monroe E. Bullock, a federal inmate proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1).[1] The Government filed a Motion to Dismiss. (ECF No. 9.) Bullock filed a Response in Opposition ("Response"). (ECF No. 10.) The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, it is RECOMMENDED that the § 2241 Petition be DISMISSED WITHOUT PREJUDICE.

### A. Procedural History and Claims

In 1996, following a jury trial, Bullock was found "guilty of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846" in the United States District Court for the Eastern

---

[1] The statute provides, in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless--
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

District of Pennsylvania ("Sentencing Court"). *United States v. Bullock*, No. 95–296–02, 2016 WL 9136966, at *1 (E.D. Pa. Aug. 15, 2016). Bullock was sentenced to "life imprisonment under the then-mandatory [Sentencing] Guidelines." *Id.* Bullock appealed, and the United States Court of Appeals for the Third Circuit affirmed Bullock's conviction and sentence. *See United States v. Bullock*, No. 96–1639, 1997 WL 626881 (3d Cir. Sept. 18, 1997).

Thereafter, Bullock filed a motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") in the Sentencing Court. *United States v. Bullock*, Nos. 95–296–02, 98–CV–5023, 1999 WL 81526, at *1 (E.D. Pa. Feb. 8, 1999). On February 8, 1999, the Sentencing Court denied Bullock's § 2255 Motion, concluding that his claims lacked merit. *Id.* at *1–5. Thereafter, on October 27, 1999, the Third Circuit "denied a certificate of appealability." *In re Bullock*, 150 F. App'x 138, 139 (3d Cir. 2005) (citation omitted) (describing the procedural history of Bullock's prior post-conviction proceedings). "In 2001, Bullock filed his first application for permission to file a second or successive § 2255 motion," which the Third Circuit denied. *Id.* (citation omitted). Subsequently, Bullock filed a number of collateral motions in an effort to have his sentence reduced, one of which was successful. *See Bullock*, 2016 WL 9136966, at *1 (summarizing the collateral motions filed by Bullock in his federal criminal case). Specifically, "[o]n September 24, 2008, [the Sentencing Court] reduced [Bullock's] sentence from life imprisonment to 360 months" "pursuant to Amendment 706—which retroactively reduced the base offense levels in § 2D1.1's drug-quantity table and thus lowered [Bullock's] [Sentencing] Guidelines range." *Id.* (citations omitted).

In Bullock's § 2241 Petition, he raises the following claims for relief:[2]

Claim One: The First Step Act "implicitly requires resentencing of [Bullock] because his present thirty-year mandatory Sentencing Guidelines sentence exceeds

---

[2] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, spelling, and spacing in the quotations from Bullock's submissions.

2

|   |   |
|---|---|
|   | the twenty-year statutory maximum authorized by the trial jury's factual findings . . . ." (Mem. Supp. § 2241 Pet. 3, ECF No. 2.) |
| Claim Two: | "[Bullock] is being unlawfully detained by the Warden because the United States Marshals Service never lawfully executed and committed [Bullock] to the custody of the United States Attorney General after [Bullock] was sentenced on July 12, 1996 by the [Sentencing Court]." (*Id.* at 25.) |

In Bullock's Response, he requests leave of Court to "voluntarily withdraw [Claim One] from his [§ 2241 Petition]." (Resp. 1, ECF No. 10.) Pursuant to Bullock's request, it is RECOMMENDED that Claim One be DISMISSED WITHOUT PREJUDICE.[3] The Court will address Bullock's remaining claim, Claim Two, and, as discussed below, Bullock fails to demonstrate that he may use § 2241 to obtain relief.

### B. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[4] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996);

---

[3] Moreover, if the Court addressed Claim One, it would be recommended that such claim be dismissed without prejudice to Bullock's right to present the claim in the Sentencing Court. *See, e.g., United States v. Boulding*, 379 F. Supp. 3d 646, 651 (W.D. Mich. 2019) ("Whether to reduce the sentence of an eligible defendant [under the First Step Act] is left to the sentencing court's discretion." (citation omitted)).

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

*Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).[5]

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The Fourth Circuit recently expanded the longstanding "controlling test," *id.*, as follows:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted), *cert. denied*, 139 S. Ct. 1318 (2019).[6]

---

[5] Bullock cannot avoid the bar on filing successive 28 U.S.C. § 2255 motions by suggesting he is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . . , the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)).

[6] Until *Wheeler*, a petitioner was required to satisfy the following test and was unable to challenge his sentence:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the

4

### C. Analysis

Here, although Bullock contends that he is "challeng[ing] the 'execution' of the judgment" (Resp. 6), in essence, in Claim Two, Bullock challenges the legality of his sentence because he asserts that his incarceration is unlawful due to the United States Marshals Service's failure to execute his criminal judgment. (*See* § 2241 Pet. 7 (asserting that Bullock "is being unlawfully/illegally detained by the Warden and request[ing] to be immediately released")); *see also Queen v. Martinez*, 273 F. App'x 180, 181 (3d Cir. 2008) (affirming the dismissal of a § 2241 petition where the petitioner "alleged that his incarceration [was] unlawful because his criminal judgment was not executed" because the petitioner had "not shown that a § 2255 motion would be inadequate or ineffective"); *Satcher v. Hogsten*, No. 1:13–0466, 2013 WL 5674856, at *2 (S.D. W. Va. Oct. 17, 2013) (concluding that when a "petitioner challenge[d] the validity of his judgment and commitment order" and "present[ed] no dispute as to the date of his commitment or calculation of his sentence," such "a matter [was] properly considered under § 2255," rather than § 2241), *aff'd*, 576 F. App'x 221 (4th Cir. 2014).

Further, Bullock fails to satisfy the second or fourth prong of *Wheeler*. Specifically, Bullock fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review," and, that, "due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018.) As a preliminary matter, Bullock identifies no change in the law. Moreover, Claim Two was available, and could have been raised, at the time that Bullock filed his § 2255 Motion.

---

prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).

5

In sum, because Bullock fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review," and, that, "due to this retroactive change, [his] sentence now presents an error sufficiently grave to be deemed a fundamental defect," *Wheeler*, 886 F.3d at 429, he may not proceed by § 2241.[7] Accordingly, it is RECOMMENDED that Claim Two be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

### D. Request for an Evidentiary Hearing

In Bullock's § 2241 Petition, he requests, *inter alia*, to "be granted an evidentiary hearing." (§ 2241 Pet. 7.) As set forth above, the undersigned recommends that Bullock's claims be dismissed without prejudice, and no need exists to conduct an evidentiary hearing. Therefore, it

---

[7] Moreover, even assuming that Claim Two could be properly considered under § 2241, for the following reasons, Bullock's claim fails on the merits. *See, e.g., Hall v. Loretto*, 556 F. App'x 72, 73 (3d Cir. 2014) (affirming the denial of a § 2241 petition on the merits where the petitioner alleged that "the sentencing court's judgment and commitment order had not been properly executed" because, *inter alia*, the petitioner failed to cite, and the Court failed to locate, "any authority for the proposition that, where the United States Marshal (or his or her deputy) does not complete the 'return' section of a defendant's judgment and commitment order, the defendant's confinement is unlawful and he must be released"). As an initial matter, contrary to Bullock's assertion that the judgment in his criminal case was not executed, the executed judgment was returned and filed in Bullock's criminal case. Executed J., *United States v. Bullock*, No. 2:95–CR–296–PD (E.D. Pa. Oct. 30, 1996), ECF No. 595. Furthermore, "the district court's Judgment and sentence provide the authority for holding [a defendant] in custody, rather than a Return from his prison warden." *Annamalai v. Warden*, 760 F. App'x 843, 849 (11th Cir. 2019) (citations omitted). Here, Bullock is detained pursuant to the Sentencing Court's Judgment, and Bullock does not contend that the Judgment fails to accurately reflect his total sentence at the time of his sentencing (*see* Mem. Supp. § 2241 Pet. 25–29), and he provides "no explanation for how the alleged failure to execute the Return has affected his sentence or his rights." *Annamalai*, 760 F. App'x at 849.

The Court notes that, in support for his argument, Bullock cites, *inter alia*, *Mullican v. United States*, 252 F.2d 398 (5th Cir. 1958). (Mem. Supp. § 2241 Pet. 29.) However, *Mullican* is distinguishable from the present case. *Mullican* "concerned [a] challenge[] to [a] conviction[] under the Federal Escape Act, 18 U.S.C. § 751, not whether an inmate's current confinement was unlawful because the judgment and commitment order's 'return' section was not completed," *Hall*, 556 F. App'x at 73 n.2 (citing *Mullican*, 252 F.2d at 399–400). Therefore, for these reasons, assuming that Claim Two could be properly considered under § 2241, dismissal of Claim Two would be warranted because the claim lacks merit.

is RECOMMENDED that Bullock's request for an evidentiary hearing (§ 2241 Pet. 7) be DENIED.

### E. Conclusion

Accordingly, it is RECOMMENDED that the Motion to Dismiss (ECF No. 9) be GRANTED, Bullock's request for an evidentiary hearing (§ 2241 Pet. 7) be DENIED, and the § 2241 Petition (ECF No. 1) and the action be DISMISSED WITHOUT PREJUDICE.

Bullock is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Bullock and counsel for Respondent.

It is so ORDERED.

/s/ _____
Roderick C. Young
United States Magistrate Judge

Date: January 16, 2020
Richmond, Virginia