IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MONROE E. BULLOCK,**

    Petitioner,

v.                                                                                       Civil Action No. **3:19CV97**

**M. BOLSTER,**

    Respondent.

## **MEMORANDUM OPINION**

Monroe E. Bullock, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2241 Petition. (ECF No. 1.) On January 16, 2020, the Magistrate Judge issued a Report and Recommendation finding that Bullock's two claims should be dismissed without prejudice because Bullock had moved to voluntarily withdraw one, and the Court lacked jurisdiction to hear the other. (ECF No. 12, at 3, 6.) Bullock was advised that he "may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry." (*Id.* at 7.) Bullock did not file objections within the prescribed period. (ECF No. 13, at 1.)

On February 20, 2020, after determining that it was "correct on the merits," this Court accepted and adopted the Report and Recommendation and entered a Final Order dismissing Bullock's § 2241 Petition without prejudice. (ECF No. 13, at 2; ECF No. 14.) On February 24, 2020, the Court received Bullock's belated Objection to the Report and Recommendation, as well as a Motion to Toll his time for filing the same. (ECF Nos. 15, 16.) Bullock subsequently filed a Motion for Reconsideration of the Court's Final Order pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 17.) For the reasons stated below, both Bullock's Motion to Toll (ECF No. 16) and his Motion for Reconsideration (ECF No. 17) will be DENIED.

## I. The Report and Recommendation

The Magistrate Judge made the following findings and recommendations:

### A. Procedural History and Claims

In 1996, following a jury trial, Bullock was found "guilty of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846" in the United States District Court for the Eastern District of Pennsylvania ("Sentencing Court"). *United States v. Bullock*, No. 95-296-02, 2016 WL 9136966, at *1 (E.D. Pa. Aug. 15, 2016). Bullock was sentenced to "life imprisonment under the then-mandatory [Sentencing] Guidelines." *Id.* Bullock appealed, and the United States Court of Appeals for the Third Circuit affirmed Bullock's conviction and sentence. *See United States v. Bullock*, No. 96-1639, 1997 WL 626881 (3d Cir. Sept. 18, 1997).

Thereafter, Bullock filed a motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") in the Sentencing Court. *United States v. Bullock*, Nos. 95–296–02, 98–CV–5023, 1999 WL 81526, at *1 (E.D. Pa. Feb. 8, 1999). On February 8, 1999, the Sentencing Court denied Bullock's § 2255 Motion, concluding that his claims lacked merit. *Id.* at *1–5. Thereafter, on October 27, 1999, the Third Circuit "denied a certificate of appealability." *In re Bullock*, 150 F. App'x 138, 139 (3d Cir. 2005) (citation omitted) (describing the procedural history of Bullock's prior post-conviction proceedings). "In 2001, Bullock filed his first application for permission to file a second or successive § 2255 motion," which the Third Circuit denied. *Id.* (citation omitted). Subsequently, Bullock filed a number of collateral motions in an effort to have his sentence reduced, one of which was successful. *See Bullock*, 2016 WL 9136966, at *1 (summarizing the collateral motions filed by Bullock in his federal criminal case). Specifically, "[o]n September 24, 2008, [the Sentencing Court] reduced [Bullock's] sentence from life imprisonment to 360 months" "pursuant to Amendment 706—which retroactively reduced the base offense levels in § 2D1.1's drug-quantity table and thus lowered [Bullock's] [Sentencing] Guidelines range." *Id.* (citations omitted).

In Bullock's § 2241 Petition, he raises the following claims for relief:[1]

Claim One: The First Step Act "implicitly requires resentencing of [Bullock] because his present thirty-year mandatory Sentencing Guidelines sentence exceeds the twenty-year statutory maximum authorized by the trial jury's factual findings . . . ." (Mem. Supp. § 2241 Pet, 3, ECF No. 2.)

Claim Two: "[Bullock] is being unlawfully detained by the Warden because the United States Marshals Service never lawfully executed and committed [Bullock] to the custody of the United States Attorney General after [Bullock] was sentenced on July 12, 1996 by the [Sentencing Court]." (*Id.* at 25.)

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, spelling, and spacing in the quotations from Bullock's submissions.

In Bullock's Response, he requests leave of Court to "voluntarily withdraw [Claim One] from his [§ 2241 Petition]." (Resp. 1, ECF No. 10.) Pursuant to Bullock's request, it is RECOMMENDED that Claim One be DISMISSED WITHOUT PREJUDICE.[2] The Court will address Bullock's remaining claim, Claim Two, and, as discussed below, Bullock fails to demonstrate that he may use § 2241 to obtain relief.

### B. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e)."[3] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir, 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).[4]

---

[2] Moreover, if the Court addressed Claim One, it would be recommended that such claim be dismissed without prejudice to Bullock's right to present the claim in the Sentencing Court. *See, e.g., United States v. Boulding*, 379 F. Supp. 3d 646, 651 (W.D. Mich. 2019) ("Whether to reduce the sentence of an eligible defendant [under the First Step Act] is left to the sentencing court's discretion." (citation omitted)).

[3] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

[4] Bullock cannot avoid the bar on filing successive 28 U.S.C. § 2255 motions by suggesting he is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . ., the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)).

3

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his or her conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The Fourth Circuit recently expanded the longstanding "controlling test," *id*, as follows:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted), *cert. denied*, 139 S. Ct. 1318 (2019).[5]

## C. Analysis

Here, although Bullock contends that he is "challeng[ing] the 'execution' of the judgment" (Resp. 6), in essence, in Claim Two, Bullock challenges the legality of his sentence because he asserts that his incarceration is unlawful due to the United States Marshals Service's failure to execute his criminal judgment. (*See* § 2241 Pet. 7 (asserting that Bullock "is being unlawfully/illegally detained by the Warden and request[ing] to be immediately released")); *see also Queen v. Martinez*, 273 F. App'x 180, 181 (3d Cir. 2008) (affirming the dismissal of a § 2241 petition where the petitioner "alleged that his incarceration [was] unlawful because his criminal judgment was not executed" because the petitioner had "not shown that a § 2255 motion would be inadequate or ineffective"); *Satcher v. Hogsten*, No. 1:13–0466, 2013 WL 5674856, at *2 (S.D. W. Va. Oct. 17, 2013) (concluding that when a "petitioner challenge[d] the validity of his judgment and commitment order" and "present[ed] no dispute as to the date of his commitment or calculation of his sentence," such "a matter [was] properly considered under § 2255," rather than § 2241), *aff'd*, 576 F. App'x 221 (4th Cir. 2014).

---

[5] Until *Wheeler*, a petitioner was required to satisfy the following test and was unable to challenge his sentence:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (emphasis added).

Further, Bullock fails to satisfy the second or fourth prong of *Wheeler*. Specifically, Bullock fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review," and, that, "due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018.) As a preliminary matter, Bullock identifies no change in the law. Moreover, Claim Two was available, and could have been raised, at the time that Bullock filed his § 2255 Motion.

In sum, because Bullock fails to demonstrate that the "settled substantive law changed and was deemed to apply retroactively on collateral review," and, that, "due to this retroactive change, [his] sentence now presents an error sufficiently grave to be deemed a fundamental defect," *Wheeler*, 886 F.3d at 429, he may not proceed by § 2241.[6] Accordingly, it is RECOMMENDED that Claim Two be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

---

[6] Moreover, even assuming that Claim Two could be properly considered under § 2241, for the following reasons, Bullock's claim fails on the merits. *See, e.g., Hall v. Loretto*, 556 F. App'x 72, 73 (3d Cir. 2014) (affirming the denial of a § 2241 petition on the merits where the petitioner alleged that "the sentencing court's judgment and commitment order had not been properly executed" because, *inter alia*, the petitioner failed to cite, and the Court failed to locate, "any authority for the proposition that, where the United States Marshal (or his or her deputy) does not complete the 'return' section of a defendant's judgment and commitment order, the defendant's confinement is unlawful and he must be released"). As an initial matter, contrary to Bullock's assertion that the judgment in his criminal case was not executed, the executed judgment was returned and filed in Bullock's criminal case. Executed J., *United States v. Bullock*, No. 2:95-CR-296-PD (E.D. Pa. Oct. 30, 1996), ECF No. 595. Furthermore, "the district court's Judgment and sentence provide the authority for holding [a defendant] in custody, rather than a Return from his prison warden." *Annamalai v. Warden*, 760 F. App'x 843, 849 (11th Cir. 2019) (citations omitted). Here, Bullock is detained pursuant to the Sentencing Court's Judgment, and Bullock does not contend that the Judgment fails to accurately reflect his total sentence at the time of his sentencing (*see* Mem. Supp. § 2241 Pet. 25–29), and he provides "no explanation for how the alleged failure to execute the Return has affected his sentence or his rights." *Annamalai*, 760 F. App'x at 849.

The Court notes that, in support for his argument, Bullock cites, *inter alia*, *Mullican v. United States*, 252 F.2d 398 (5th Cir. 1958). (Mem. Supp. § 2241 Pet. 29.) However, *Mullican* is distinguishable from the present case. *Mullican* "concerned [a] challenge[] to [a] conviction[] under the Federal Escape Act, 18 U.S.C. § 751, not whether an inmate's current confinement was unlawful because the judgment and commitment order's 'return' section was not completed," *Hall*, 556 F. App'x at 73 n.2 (citing *Mullican*, 252 F.2d at 399–400). Therefore, for these reasons, assuming that Claim Two could be properly considered under § 2241, dismissal of Claim Two would be warranted because the claim lacks merit.

**D.     Request for an Evidentiary Hearing**

In Bullock's § 2241 Petition, he requests, *inter alia*, to "be granted an evidentiary hearing." (§ 2241 Pet. 7.) As set forth above, the undersigned recommends that Bullock's claims be dismissed without prejudice, and no need exists to conduct an evidentiary hearing. Therefore, it is RECOMMENDED that Bullock's request for an evidentiary hearing (§ 2241 Pet. 7) be DENIED.

**E.     Conclusion**

Accordingly, it is RECOMMENDED that the Motion to Dismiss (ECF No. 9) be GRANTED, Bullock's request for an evidentiary hearing (§ 2241 Pet. 7) be DENIED, and the § 2241 Petition (ECF No. 1) and the action be DISMISSED WITHOUT PREJUDICE.

Bullock is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 731 F.2d 433, 434 (4th Cir. 1984).

(ECF No. 12, at 1–7 (footnotes renumbered; all other alterations in original).)

## II. Motion to Toll

The Magistrate Judge clearly and unequivocally informed Bullock that he had fourteen (14) days from the date of entry of the Report and Recommendation to file any objections that he may have with the Court. (ECF No. 12, at 7.) The Magistrate Judge also told Bullock that if he did file objections, said objections would have to "be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings." (*Id.*) The Magistrate Judge warned Bullock that failure "to timely file specific objections" could "result in the dismissal of his claims," or "preclude further review or appeal from such judgment." (*Id.*) Despite these unequivocal admonishments, Bullock submitted his "Objection to Magistrate Judge Report and Recommendation" after the time for doing so had expired, and he failed to "number or identify with specificity" the issues that he wished to challenge. (ECF No. 15, at 1–7.)

6

Rather than organize his response into distinct and ordered objections, as he was directed to do by the Magistrate Judge, Bullock submitted a rambling six-page narrative "Objection," in which he jumps from topic to topic. Indeed, as discussed below, the bulk of Bullock's Objection was dedicated to peripheral issues that did not address the heart of the Magistrate Judge's reasoning. Despite these shortcomings, and despite Bullock's tardiness in filing his Objection, the Court has reviewed Bullock's belated "Objection" to the Report and Recommendation and considered both his position and his arguments. (ECF No. 15.) As such, Bullock's Motion to Toll (ECF No. 16) will be DENIED AS MOOT.

### III. Motion for Reconsideration

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Bullock apparently relies upon the third ground. However, Bullock fails to demonstrate that the Court committed a clear error of law or that relief under Rule 59(e) is necessary to prevent a manifest injustice. Nothing in Bullock's Objection, nor his Rule 59(e) Motion for Reconsideration, has changed the Court's view of this case or given it any pause about the propriety of the Magistrate Judge's recommendations, which remain "correct on the merits."

The bulk of Bullock's Objection to the Report and Recommendation is dedicated to summarizing portions of what the Magistrate Judge said about his second claim, then stating in a conclusory fashion that the Magistrate Judge was wrong. This provides an insufficient basis for the Court to reverse its Final Order entered on February 20, 2020.

As the Magistrate Judge pointed out, 28 U.S.C. § 2255 "'provides the primary means of collateral attack' on the imposition of a federal conviction and sentence, and such motions must be filed with the sentencing Court." (ECF No. 12, at 3 (citation omitted).) In this instance, the sentencing Court would be the Eastern District of Pennsylvania. (*Id.* at 2.) Federal inmates may not proceed with claims under 28 U.S.C. § 2241 unless and until they have demonstrated that 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of [their] detention." (*Id.* at 3 (citation omitted).) The Fourth Circuit has set forth the test for determining whether § 2255 "is inadequate or ineffective" in *United States v. Wheeler*, 886 F.3d 415, 429 (2018), *cert denied*, 139 S. Ct. 1318 (2019). (*Id.* at 4.) *Wheeler* delineates a four-part test. (*Id.* (citation omitted).) As the Magistrate Judge correctly found, Bullock failed to satisfy two of the four prongs. (*Id.* at 5.) As such, Bullock was required to bring his claims in the form of a § 2255 motion "filed with the sentencing court" (*i.e.*, the Eastern District of Pennsylvania), rather than as a § 2241 petition in this Court. (*Id.* at 3–5.) Consequently, this Court continues to lack jurisdiction to entertain Bullock's § 2241 Petition. (*Id.*)

This analysis provided the crux of the Magistrate Judge's recommendation regarding Bullock's second claim, and was the basis of this Court's Final Order, which was entered on February 20, 2020. (ECF No. 14.) However, Bullock largely ignored this line of reasoning in both his belated Objection and in his Motion to Reconsider. Rather, he dedicated much of his effort to restating his own arguments from prior Court filings and to disputing the Magistrate

Judge's statements in the final footnote of the Report and Recommendation. That footnote represented an alternative ground for dismissal, should this Court find that Bullock's second claim could be brought under § 2241, rather than § 2255. (*Id.* at 6.) Because this Court did not find that Bullocks' second claim could be properly brought in the form of a § 2241 petition, further discussion of this alternative basis for dismissal is unnecessary.

In any event, had the Court received Bullock's Objections prior to issuing its Final Order, it would not have altered the Court's analysis of the case in any meaningful way or changed the final disposition.[7] Accordingly, Bullock's Objection (ECF No. 15) will be OVERRULED. Bullock's Motion for Reconsideration (ECF No. 17) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: August 31, 2020
Richmond, Virginia

---

[7] The Magistrate Judge based his findings on Bullock's failure to meet the test set forth in *Wheeler*. As mentioned above, Bullock does not squarely address this impediment to his claim in any of his subsequent filings. At most his Objection would be construed as "general and conclusory" in this regard. Thus, *de novo* review would have been unnecessary in any event. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," *de novo* review is unnecessary) (citations omitted).